UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LEWIS MUNIZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                Defendants.

1:24-CV-6876 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

    Plaintiff Jose Lewis Muniz, who appears *pro se* and is currently held in the Robert N. Davoren Center on Rikers Island, filed this action asserting that the defendants have violated his federal constitutional rights and he seeks damages. He sues: (1) the City of New York; (2) the New York City Department of Correction ("DOC"); and (3) New York City Mayor Eric Adams. The Court construes Plaintiff's complaint as asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, as well as claims under the Religious Land Use and Institutionalized Persons Act, and comparable claims under state law.

    By order dated September 12, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court dismisses Plaintiff's claims against the DOC. The Court also requests that the City of New York and Mayor Adams waive service of summonses.

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.     Claims against the DOC

The Court must dismiss Plaintiff's claims against the DOC. As an agency of the City of New York, the DOC is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *see also Johnson v. Dorby*, 660 F. App'x 69, 72 (2d Cir. 2016) (summary order) (the DOC is not a suable entity); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     The City of New York and Mayor Adams

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York and Mayor Adams waive service of summonses.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the New York City Department of Correction ("DOC") for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York and Mayor Eric Adams waive service of summonses.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 7, 2025
        New York, New York

_____
DALE E. HO
United States District Judge